**WO**  SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.J. Szymanski,<br><br>Plaintiff,<br><br>v.<br><br>Centurion Health Incorporated, et al.,<br><br>Defendants. | No. CV-21-00231-TUC-SHR<br><br>**ORDER** |

Plaintiff David J. (D.J.) Szymanski, who is currently confined in the Arizona State Prison Complex (ASPC)-Phoenix, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 based on Defendants' alleged failures to provide Plaintiff proper medical care while he was confined at the ASPC-Tucson. On March 29, 2024, the Court granted in part and denied in part Defendants' Motion for Summary Judgment, leaving Plaintiff's Eighth Amendment medical care claims against Defendants Centurion Health Incorporated (Centurion), Nurse Practitioner (NP) Natalie Bell, and NP Lara Alonso. (Doc. 90.) Before the Court is Defendants Centurion, Bell, and Alonso's Motion for Reconsideration of the Court's Summary Judgment Order. (Doc. 91.)

The Court will deny the Motion for Reconsideration of the Court's summary judgment Order, reconsider its March 8, 2022 screening Order to state the Plaintiff's claims against Defendants Bell and Alonso are in their individual capacities, and permit Defendants to file a successive motion for summary judgment on the remaining claims.

. . . .

**I.      Governing Standard**

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Any motion for reconsideration must specifically identify the matters overlooked or misapprehended by the Court. *Id.* If any new matters are being brought to the Court's attention for the first time, the movant must identify the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. *Id.* No motion for reconsideration of an Order may repeat any oral or written argument made in support of or in opposition to the motion resulting in the Order. *Id.*

**II.     Analysis**

In its summary judgment Order, the Court found genuine issues of material fact regarding whether Plaintiff's gastrointestinal issues, as alleged in the FAC and documented on the record, were caused by Plaintiff's untreated hepatitis C virus (HCV) and whether Defendants Bell and Alonso's alleged failures to treat or request treatment for Plaintiff's HCV were deliberately indifferent to Plaintiff's serious medical needs. (Doc. 90 at 16−19.) Based on this finding, and absent any evidence of Centurion's HCV policies, the Court also found genuine issues of material fact whether these policies were deliberately indifferent to Plaintiff's serious medical needs. (*Id.* at 20−22.)

Defendants argue the Court should reconsider these findings because "[i]n denying summary judgment as to the claims against NP Bell, NP Alonso, and Centurion, the Court was not given the opportunity to consider additional medical records showing Plaintiff's alleged abdominal symptoms were not the result of his chronic HCV condition, but rather a gastrointestinal condition[] which ne[i]ther provider had any involvement in diagnosing or treating." (Doc. 91 at 1.)

This argument lacks merit because, as movants, Defendants were required to direct the Court to those portions of the record demonstrating an absence of a genuine issue of material fact regarding the merits of Plaintiff's claims against them. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Absent any evidence Plaintiff's gastrointestinal issues were unrelated to his HCV or any evidence showing Centurion's HCV treatment criteria, Defendants failed to meet this burden. Defendants also failed to show they could not have brought this evidence earlier. LRCiv 7.2(g)(1).

Defendants instead argue it was not clear to them Plaintiff's complaints of gastrointestinal issues would be at issue or relevant to Plaintiff's HCV infection when they filed their Motion for Summary Judgment. (Doc. 91 at 6.) In the FAC, though, Plaintiff repeatedly alleged he had "active symptoms" of HCV, which he complained about to both NP Bell and NP Alonso, but they both refused him HCV treatment. (Doc. 20 ¶¶ 18, 25, 26.) Plaintiff further alleged these Defendants "know Hep C causes flu-like problems, swelling and soreness in the belly . . . dark urine, black tarry or red stools or vomiting blood, confusion, . . . and kidney problems," and even though Plaintiff "ha[d] active symptoms of the Hepatitis C Disease . . . all named Defendants . . . refused to treat his [HCV]." (*Id.* ¶ 25.) These allegations are sufficient to have put Defendants on notice Plaintiff's reported symptoms, including his chronic gastrointestinal complaints, were an issue in this lawsuit.

As Defendants point out, when screening the FAC, the Court stated NP Bell and NP Alonso were required to answer the claims against them solely in their official capacities. (Doc. 91 at 2.) Defendants say they inferred from this these Defendants were named for purposes of ordering injunctive relief, but when the Court subsequently added Naphcare, Inc., for purposes of providing injunctive relief and did not dismiss Defendants Bell and Alonso, Defendants reasonably inferred the Court "converted Plaintiff's official capacity claims against the[se] providers to individual capacity claims" because this was the "only way NPs Alonso and Bell could remain in the lawsuit." (*Id.* at 2−3, 3 n.1.)

In the FAC, Plaintiff sought "an injunction against defendants in their official capacities" to provide direct-acting antiviral medications for his HCV, and he brought "damages claims against the same defendants." (Doc. 20 at 12.) Defendants NP Bell and NP Alonso are not public officials or policymakers who can be held liable under § 1983 in any official capacity, so the Court erred in finding official capacity claims against them. Additionally, the allegations discussed above are sufficient to support damages claims against these Defendants in their individual capacities. The Court will therefore reconsider its screening Order in part and will find Plaintiff's claims against Defendants Bell and Alonso are individual capacity, not official capacity, claims. *See City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." (citation omitted)).

This correction is not a reason, however, to reconsider the Court's summary judgment Order because, as they acknowledge in their Motion for Reconsideration, Defendants treated the claims against Defendants Bell and Alonso as individual capacity claims when they moved for summary judgment, and the Court did the same when it denied summary judgment to these Defendants. Moreover, even setting aside Plaintiff's claims against these Defendants, Defendants Bell and Alonso's alleged failures as Centurion chronic care providers to provide Plaintiff any HCV treatment despite Plaintiff's regular reports of gastrointestinal distress is wholly relevant to Plaintiff's claim against Centurion. As noted, the failure to provide or recommend Plaintiff for HCV treatment, even when Plaintiff complained of bloody stools and other chronic gastrointestinal symptoms, creates genuine issues of material fact whether Centurion's HCV treatment criteria relies solely on lab results while ignoring prisoners' other reported symptoms and whether these policies were deliberately indifferent to Plaintiff's serious medical needs.

Because Plaintiff's alleged gastrointestinal issues are relevant to Plaintiff's remaining claims in this action, and Defendants have not shown they could not have, with

reasonable diligence, presented evidence pertaining to these issues earlier, the Court will deny Defendants' Motion for Reconsideration. LRCiv 7.2(g)(1).

Nonetheless, because the Court will reconsider its screening Order, and in the interest of rectifying any confusion regarding the nature of Plaintiff's claims against Defendants Bell and Alonso in the screening Order, the Court will permit Defendants to file a renewed motion for summary judgment on the remaining Eighth Amendment medical care claims in this action. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911–12 (9th Cir. 2010) (district courts have discretion to permit successive motions for summary judgment).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to the Motion for Reconsideration (Doc. 91).

(2) The Motion for Reconsideration (Doc. 91) is **denied**.

(3) The Court **reconsiders** its March 29, 2024 screening Order to the extent that it now holds Plaintiff's Eighth Amendment medical care claims against Defendants NP Bell and NP Alonso are against these Defendants in their **individual**—not official—capacities; the Clerk of Court is **directed** to update the docket accordingly.

(4) Defendants may file a **successive** Motion for Summary Judgment as to the remaining Eighth Amendment medical care claims against Defendants Bell, Alonso, and Centurion no later than **Thursday, June 6, 2024**.

(5) All other matters **must remain** with the Magistrate Judge for disposition as appropriate.

Dated this 6th day of May, 2024.

Honorable Scott H. Rash
United States District Judge