**WO**                                                                                          SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.J. Szymanski,<br><br>              Plaintiff,<br><br>v.<br><br>Centurion Health Incorporated, et al.,<br><br>              Defendants. | No. CV-21-00231-TUC-SHR<br><br>**Order Denying Reconsideration** |

       Plaintiff David J. (D.J.) Szymanski, who is currently confined in the Arizona State Prison Complex (ASPC)-Tucson, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 based on injuries he allegedly suffered from Defendants' alleged failures to mitigate the risk to prisoners of contracting COVID-19 and Defendants' alleged failures to treat Plaintiff's hepatitis C. (*See generally* Doc. 20.) Plaintiff asserted Eighth Amendment conditions-of-confinement claims against Defendant David Shinn, the former Director of the Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR),[1] and Defendant Glen Pacheco, ASPC-Tucson Complex Warden, in their official capacities, and Eighth Amendment medical care claims against Defendants Centurion Health Incorporated, Naphcare, Incorporated, and several individual Centurion medical care staff. (*See generally id.*; *see also* Doc. 49.) Before the Court is Plaintiff's twice-filed Motion

---

[1] The Court automatically substituted current ADCRR Director Ryan Thornell for former Director Shinn in his official capacity pursuant to Federal Rule of Civil Procedure 25(d). (Doc. 81 at 7.)

Requesting the Court Reverse its Order Granting Defendants Shinn and Pacheco's Motion for Summary Judgment and Entry of Judgment. (*See* Doc. 94; Doc. 97.)

The Court will construe Plaintiff's Motion as a motion for reconsideration and deny the Motion.

## I. Governing Standard

The Court has discretion to reconsider and vacate a prior order. *See Barber v. Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Any motion for reconsideration must specifically identify the matters that "were overlooked or misapprehended by the Court . . . ." *Id.* If "any new matters [are] being brought to the Court's attention for the first time," the movant must identify "the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* "No motion for reconsideration of an Order may repeat any oral or written argument made . . . in support of or in opposition to the motion that resulted in the Order." *Id.*

"Absent good cause shown," a motion for reconsideration must be filed "no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2).

## II. Discussion

In his Motion, Plaintiff seeks relief from the Court's orders granting Defendants' Motion for Summary Judgment "and any other orders" granting entry of judgment "[p]ursuant to Rule 59 of the Federal Rules of Civil Procedure," or any other applicable statute. (*See* Doc. 94 at 1; Doc. 97 at 1.) The Court infers Plaintiff seeks reconsideration of the Court's September 15, 2023 Order in which the Court granted summary judgment to Defendants Thornell and Pacheco on Plaintiff's conditions-of-confinement claims and dismissed those claims and Defendants Thornell and Pacheco with prejudice. (*See* Doc.

- 2 -

81.)

As noted, absent a showing of good cause, a motion for reconsideration must be filed within 14 days of the order for which the party seeks reconsideration. LRCiv 7.2(g)(2). Plaintiff does not explain why he waited nearly 8 months to seek reconsideration of the Court's September 15, 2023 Order. In an apparent attempt to justify the delay, Plaintiff only generally claims, after moving from the Phoenix Complex on December 6, 2023, he has "continually received all legal mail from this District Court late" or otherwise "hasn't received [his] legal mail at all." (*See* Doc. 94 at 2; Doc. 97 at 2.) Plaintiff does not say he did not receive the Court's Order dated September 15, 2023, which predated his claimed December 6, 2023, move from the Phoenix Complex by nearly 3 months, nor does he explain why he was unable to seek reconsideration of that Order until now. Because Plaintiff has not shown good cause for delay, the Court will summarily deny the Motion as untimely.

In addition, the Court would deny Plaintiff's Motion on the merits. As an initial matter, although Plaintiff states he "is pleading with this Court to correct a clear error of [l]aw and to prevent [m]anifest injustice" (Doc. 94 at 1−2; Doc. 97 at 1−2), he does not identify any clear errors of law or specify any issues he believes the Court overlooked or misapprehended in its summary judgment Order. *See* LRCiv 7.2(g)(1). He also does not identify any "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Instead, he sets forth facts he either already relied on or could have relied on in his response to Defendants' Motion for Summary Judgment, and he makes arguments he either made or could have made at that time that the Court already rejected. (*See* Doc. 94 at 2−8; Doc. 97 at 2−8.) Mere disagreement with the Court's prior Order is not grounds for reconsideration.

Plaintiff also states he is "asking Judge Rash to amend" his Complaint, which Plaintiff asserts will allow Judge Rash to "[r]everse" the Court's Order, "rule in favor" of Plaintiff, and "order all Defendants to pay monetary damages," or "at the very least," schedule a settlement conference between Plaintiff and Defendants. (*See* Doc. 94 at 4;

Doc. 97 at 4.) While vague, Plaintiff's request the Court amend his Complaint appears related to his statement that, when he filed his Complaint, he was unaware "he needed to address the fact . . . he would be seeking monetary damages" from Defendants, which he thought was, most times, "already inferred." (Doc. 94 at 2; Doc. 97 at 2.)

Even inferring Plaintiff intended to seek monetary damages from Defendants Thornell and Pacheco, amendment on this ground would be futile because Plaintiff is not entitled to damages on his claims against these Defendants. As set forth in the Court's initial screening Order, Plaintiff stated only official capacity claims against these Defendants based on the State's allegedly deliberately indifferent COVID-19 policies; he did not allege any facts showing either Defendant was personally involved in the alleged deprivations of his rights that would state claims against them in their individual capacities. (*See* Doc. 8 at 5, 5−6 n.2.) Absent such claims, Plaintiff is not entitled to damages from either of these Defendants. (*See id.* at 5−6 n.2.)

Plaintiff also cannot seek damages against Defendants Thornell and Pacheco in their official capacities because suing a state official in his official capacity is no different from suing the State, and under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State officials may, however, be sued in their official capacities for prospective injunctive relief because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *see also Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ("[A] suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity."). Because this exception does not apply to claims for damages, the Court did not err when it found Plaintiff's claims against Thornell and Pacheco were limited to prospective injunctive relief. (*See* Doc. 81 at 6.)

. . . .

. . . .

For the above reasons,

**IT IS ORDERED** Plaintiff's twice-filed Motion Requesting the Court Reverse its Order Granting Defendants Shinn and Pacheco's Motion for Summary Judgment and Entry of Judgment (Doc. 94; Doc. 97) is **DENIED.**

Dated this 2nd day of July, 2024.

*(signature)*
Honorable Scott H. Rash
United States District Judge