**WO**                                                                                          SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.J. Szymanski, | No. CV-21-00231-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| Centurion Health, Inc., et al., | |
| Defendants. | |

Pending before the Court in this closed action is Plaintiff D.J. Szymanski's Motion for Reconsideration pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (Doc. 121). Plaintiff moves through counsel for reconsideration of the Court's grant of summary judgment to Defendants Centurion Health Incorporated (Centurion) and Nurse Practitioners (NPs) Natalie Bell and Lara Alonso. (Doc. 121; Doc. 111.) For the following reasons, the Court will deny the Motion.

**I.   Background**

Plaintiff, who is in custody of the Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR), brought this pro se civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1.) On screening Plaintiff's First Amended Complaint under 28 U.S.C. § 1915(a), the Court found Plaintiff stated Eighth Amendment medical care

---

[1] Counsel for this Motion filed her notice of appearance in a limited scope after final judgment, solely "for the purpose of preserving Plaintiff's right to appeal." (*See* Doc. 118.)

claims against Defendants Centurion—ADCRR's former contracted healthcare provider—and several Centurion medical staff based on these Defendants' alleged failures to treat Plaintiff's Hepatitis C Virus (HCV). (Doc. 8.)

Defendants moved for summary judgment (Doc. 77), and the Court granted the Motion in part and denied it in part, leaving only Plaintiff's Eighth Amendment medical care claims for damages against Defendants Bell, Alonso, and Centurion. (Doc. 90.) The Court denied summary judgment to Defendants Bell and Alonso because it found questions of fact whether Plaintiff's untreated HCV caused his reported gastrointestinal (GI) issues and whether these providers deliberately disregarded a serious medical need for Plaintiff to receive HCV treatment. (Doc. 90 at 16–19.) *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) ("To prevail on an Eighth Amendment medical claim, a prisoner must demonstrate 'deliberate indifference to serious medical needs.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)))). The Court denied summary judgment to Defendant Centurion because it found questions of fact whether the failure to treat Plaintiff's HCV was a constitutional violation and whether Centurion's HCV treatment policies were deliberately indifferent and the "moving force" behind the violation. (Doc. 90 at 22.) *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–94 (1978); *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110 (9th Cir. 2001) (holding that to maintain a claim against a private entity fulfilling a public function, such as healthcare, a plaintiff must show he suffered a constitutional violation pursuant to a policy or custom of the entity).

Defendants moved for reconsideration pursuant to Rule 7.2(g) of the Local Rules of Civil Procedure, arguing the Court "was not given the opportunity" to consider relevant medical record evidence about Plaintiff's GI condition and treatment. (Doc. 91 at 1.) They argued this unconsidered evidence showed Plaintiff did not have any serious medical needs associated with his HCV that required immediate treatment. (*Id.* at 2−3.) Defendants explained they had not presented this evidence earlier because Defendants Bell and Alonso were not personally involved in Plaintiff's GI care, so Defendants did

not know Plaintiff's GI complaints were at issue. (*Id.* at 6−7.) Defendants also appeared to argue they were misled by the Court's Screening Order, which incorrectly designated Plaintiff's claims against Defendants Bell and Alonso as official capacity rather than individual capacity claims. (*Id.*) The Court denied the Motion for Reconsideration, but due to Defendants' apparent confusion about the nature and scope of Plaintiff's claims, it permitted Defendants to file a successive motion for summary judgment. (Doc. 92 at 4−5.)[2]

Defendants filed a Successive Motion for Summary Judgment (Doc. 98) and, this time, produced medical records showing Plaintiff received extensive treatment for his GI issues. (Doc. 99.) They also produced declarations from Defendants Bell and Alonso in which they opine Plaintiff's GI issues were not indicative of worsening HCV or the need for HCV treatment. (Doc. 99-11 at 1–5; Doc. 99-2 at 1–4.) Plaintiff did not produce any evidence controverting these showings, so the Court found he failed to create a genuine issue of material fact regarding whether Defendants were deliberately indifferent to his serious medical needs or whether not treating his HCV caused him harm. (Doc. 111 at 16–17.) The Court granted Defendants' Successive Motion for Summary Judgment and terminated this action. (*Id.* at 18.)

**II.    Reconsideration Legal Standard**

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

---

[2] The Court also reconsidered its Screening Order to clarify that Plaintiff's claims against Defendants Bell and Alsonso were individual capacity claims.

Rule 59(e) governs motions to alter or amend a judgment. Fed. R. Civ. P. 59(e). A judgment "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). "Thus, the word 'judgment' encompasses final judgments and appealable interlocutory orders." *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466–67 (9th Cir. 1989) (citing Rule 54(a) and finding Rule 59(e) applies to an appealable interlocutory order). This includes an order granting summary judgment. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) ("A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)."). "A Rule 59 motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

A motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must be filed no later than 28 days after the entry of judgment." *See* Fed. R. Civ. P. 59(e).

**III.   Analysis**

Plaintiff filed his Motion for Reconsideration within 28 days of the Court's Order granting Defendants' Successive Motion for Summary Judgment, so the Court construes Plaintiff's Motion as filed pursuant to Rule 59(e), not Rule 60(b).[3] Plaintiff does not

---

[3] Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). A motion for relief from a final judgment under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b).

- 4 -

argue new evidence or a change in the law require reconsideration of the Court's Order. He must therefore show the Court committed clear error. *McQuillion*, 342 F.3d at 1014.

Plaintiff's arguments are two-fold.  Plaintiff first argues the Court abused its discretion when it permitted Defendants to file a successive motion for summary judgment. (Doc. 121 at 9−13.) Plaintiff next argues the Court erred when ruling on the successive Motion by improperly drawing conclusions in favor of Defendants. (*Id.* at 13−14.)

### A. Permitting a Successive Motion for Summary Judgment

"[D]istrict courts have discretion to entertain successive motions for summary judgment . . . ." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).  Doing so "potentially can save all concerned the far greater expenses of a trial." *Id.* at 912. Accordingly, "allowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive, resolution of suits.'" *Id.* at 911 (quoting Fed. R. Civ. P. 1). Nonetheless, "district courts retain discretion to 'weed out frivolous or simply repetitive motions.'" *Hoffman*, 593 F.3d at 911 (quoting *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997)); *see also All. for the Wild Rockies v. Marten*, 200 F.Supp.3d 1129, 1130 (D. Mont. 2016) (recognizing a court's "broad discretion to manage its own docket, which includes the inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" (internal quotation marks and citation omitted)).

Plaintiff argues the Court abused its discretion when it permitted Defendants to file a successive motion for summary judgment because doing so was not based on "any new record, facts, evidence, or expert testimony." (Doc. 121 at 10.)  At the same time, Plaintiff acknowledges the Court "allowed Defendants to submit new declarations containing a new theory of defense." (*Id.*) Plaintiff therefore does not dispute the Court permitted Defendants to file a successive motion based on an expanded record.  Instead, he appears to argue permitting them to do so was improper because the evidence Defendants relied on in their Successive Motion "had been available to them the entire

time." (*Id.*)

Plaintiff is correct insofar as, in their Motion for Reconsideration, Defendants attempted to introduce new evidence about Plaintiff's GI symptoms they could have produced in support of their Motion for Summary Judgment. The Court found Defendants' reasons for not doing so unpersuasive. (Doc. 92 at 3.) Moreover, the Court noted Plaintiff alleged in his pleadings his GI issues stemmed from his untreated HCV and he repeatedly complained of these issues in Health Needs Requests and to Defendants Bell and Alonso personally, but they still denied him HCV treatment. (*Id.*) The Court opined "[t]hese allegations [were] sufficient to have put Defendants on notice Plaintiff's reported symptoms, including his chronic gastrointestinal complaints, were an issue in this lawsuit." (*Id.*) Accordingly, the Court properly denied Defendants' Motion for Reconsideration. *See* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

Plaintiff conflates the "new facts" and "reasonable diligence" standards from Local Rule 7.2 with the criteria for permitting a successive motion for summary judgment. (Doc. 121 at 9−11.) Therefore, he contends Defendants "do not deserve a reward for failing to defend a claim for which they had notice." (*Id.* at 11.) This argument misses the mark because the Court's decision to permit a successive motion for summary judgement is discretionary; it does not depend on whether the evidence the defendant seeks to introduce was available earlier. To be sure, failing to present evidence Defendants had notice was at issue earlier is no cause for commendation. But where, as here, the evidence appears dispositive and can "potentially . . . save all concerned the far greater expenses of a trial," *Hoffman*, 593 F.3d at 912, the Court did not abuse its discretion in permitting Defendants another opportunity to present the evidence, *see id.* at 911 (noting where an expanded record may resolve the remaining claims, the decision to permit a successive motion for summary judgment "is logical" because it fosters the

"just, speedy, and inexpensive, resolution of suits" (quoting Fed. R. Civ. P. 1)).

Plaintiff also argues the Court abused its discretion because permitting a successive motion for summary judgment effectively amended the Court's scheduling order and violated the "good cause standard" for doing so. (Doc. 121 at 11.)

Rule 16(b)(4) of the Federal Rules of Civil Procedure states "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where a party moves to amend a schedule, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," meaning, "[i]f that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff's reliance on Rule 16(b) is unpersuasive because Defendants did not move to amend the Court's scheduling order. They only moved for reconsideration of the Court's summary judgment Order, and the Court properly denied that Motion because it was based on evidence Defendants could have presented earlier and Plaintiff had not been given the opportunity to rebut the evidence. The Court then *sua sponte* exercised its inherent discretion to manage its docket by permitting Defendants another opportunity to present their proffered evidence in a properly supported motion. Plaintiff does not cite to any authority concluding the Court lacked discretion to permit a successive motion under these circumstances.

*Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1278 (9th Cir. 2023), which Plaintiff cites, is inapposite. In *Kamal*, the Ninth Circuit upheld the district court's denial of the plaintiffs' motion to amend their complaint to add new claims. *Id.* at 1277. The plaintiffs in *Kamal* waited to file their motion until just six weeks before the close of discovery and eight months after the deadline to amend pleadings elapsed, even though they had notice of their additional claims for at least eight months and could have timely sought to amend their complaint. *Id.* at 1274, 1277. Based on these facts, the Ninth Circuit found "the district court did not abuse its discretion in concluding that Plaintiffs did not act diligently and therefore failed to demonstrate good cause to amend the

- 7 -

complaint . . . ." *Id.* at 1277. Here, unlike in *Kamal*, the Court acted on its own accord. Moreover, its grant to Defendants was limited. Permitting them to file a successive motion for summary judgment did not add any new claims; nor did it alter the remaining claims and issues to be resolved before going to trial. Plaintiff also had a full and fair opportunity to defend against the successive motion. For the reasons already discussed, the Court did not abuse its discretion by permitting a successive motion for summary judgment where an expanded record could potentially resolve the remaining claims. *Kamal* does not compel finding otherwise.

Defendants' Successive Motion for Summary Judgment was also not "frivolous or simply repetitive," as Plaintiff argues. (*See* Doc. 121 at 12 (quoting *Hoffman*, 593 F.3d at 911).) Plaintiff seizes on flaws the Court identified in Defendants' briefing, such as Defendants' failure to tailor their Statement of Facts to "consolidate or eliminate any duplicative, false, or conflicting statements of fact" from their previous Motion. (*Id.* at 12.) Plaintiff also notes "both Plaintiff and the Court [] navigate an unwieldy, duplicative, and internally contradictory Statement of Facts . . . ." (*Id.*)

While the Court found these issues worthy of mention, it also concluded, "[o]n the updated record now before the Court, Defendants have met their initial burden of showing Defendants Bell and Alonso were not deliberately indifferent to any known serious medical needs of Plaintiff." (Doc. 111 at 14.) The Court explained:

> [a]lthough [it] previously found questions of fact concerning whether Plaintiff's abdominal complaints were due to his untreated HCV and whether Bell's and Alonso's denial of HCV treatment was deliberately indifferent to these serious medical needs, Defendants have since produced these providers' professional medical opinions concluding these symptoms were unrelated to Plaintiff's HCV as well as medical record evidence showing off-site specialist Dr. Khan attributed these symptoms to other medical issues, including gastroesophageal reflux disease and internal hemorrhoids. The evidence also shows, apart from ordering extra bed linens to accommodate Plaintiff's reported loss of bowel control, a hemoccult to assess his reports of bloody stools, and a

>colonoscopy in response to Dr. Khan's findings, Bell and Alonso were not directly involved in Plaintiff's medical care for these issues, which included specialist consultations with Dr. Khan, a colonoscopy, an endoscopy, medications, and follow-up appointments with Centurion nursing staff and other medical providers. Consequently, even if Plaintiff could show he did not receive proper medical treatment for these issues, any deficiencies in this care cannot be attributed to Bell and Alonso.

(*Id.* at 14−15.)

In short, Defendants' Successive Motion for Summary Judgment resolved critical gaps in the record, and, despite its flaws, was not "frivolous or simply repetitive." *Hoffman*, 593 F.3d at 911. The Court did not abuse its discretion in permitting Defendants to file a successive motion for summary judgment.

### B. The Court's Grant of Summary Judgment

Plaintiff next argues that the Court erred in granting summary judgment to Defendants. (Doc. 121 at 12–14.) He argues the Court found "NP Bell and Alonso's statement of their medical opinions were enough to eliminate any genuine dispute of material facts, and in doing so, improperly drew conclusions in favor of the nonmoving party." (*Id.* at 13.) Plaintiff asserts the following questions must be decided by a jury:

>1. Whether Plaintiff complained of abdominal pain, bloating, vision changes, edema, and bloody urine/stools.
>
>2. Whether Plaintiff should have been prioritized for DAA treatment based on his symptoms and medical history.
>
>3. Whether Bell and Alonso's decisions not to prioritize Plaintiff for DAA treatment were reasonable.
>
>4. Whether Centurion had a policy and practice of unreasonably denying DAA treatment[, and]
>
>5. Whether Bell and Alonzo knew or should have known that [Plaintiff's] GI issues could have been related to his HCV infection.

1  (*Id.* at 13−14.)

2  Contrary to Plaintiff's arguments, the Court did not fail to consider Plaintiff's
3  subjective complaints; nor did it improperly construe this evidence in Defendants' favor.
4  The Court denied Defendants' Initial Motion for Summary Judgment, in part, because it
5  took as true Plaintiff's first-hand assertions about his complaints of abdominal pain,
6  bloating, vision changes, edema, and blood in stools/urine. (*See* Doc. 90 at 16 ("The
7  Court . . . takes as true Plaintiff's firsthand assertions [that he] complained to both
8  Defendants Bell and Alonso about his pain and 'active symptoms,' and they still refused
9  him HCV treatment."); *id.* at 16–17 ("[T]his evidence calls into question the entries in
10 Plaintiff's Chronic Care records and Defendant Bell's avowals in her declaration stating
11 Plaintiff consistently denied any active symptoms.").)

12 The Court also found genuine issues of material fact whether these symptoms
13 were due to Plaintiff's untreated HCV and whether the failure to treat his HCV was
14 deliberately indifferent to his serious medical needs. (*See id.* at 17, 19 ("Construing the
15 available evidence in Plaintiff's favor, the Court finds there is a genuine issue of material
16 fact whether Plaintiff's symptoms called for more immediate HCV treatment than his
17 fibrosis scores alone suggested"); *id.* at 19 ("[T]here are genuine issues of material fact
18 whether these symptoms were connected to Plaintiff's untreated HCV and whether
19 Alonso's failure to address them was deliberately indifferent to Plaintiff's serious
20 medical needs").)

21 In their Successive Motion for Summary Judgment, Defendants did not materially
22 dispute that Plaintiff complained of these symptoms. Resolving this issue in Plaintiff's
23 favor, the only remaining issues before the Court were whether these symptoms were
24 caused by Plaintiff's untreated HCV and whether denying Plaintiff HCV treatment was
25 deliberately indifferent to those needs and caused Plaintiff harm. (*See* Doc. 111 at
26 14−15.)

27 As already discussed, the Court found Defendants produced sufficient evidence in
28 their Successive Motion to meet their initial burden on these prongs. This included the

following evidence: Plaintiff received extensive treatment for his GI symptoms; offsite specialist Dr. Khan attributed these symptoms to other medical issues, distinct from Plaintiff's HCV; and Defendants Bell and Alonso opined from Plaintiff's fibrosis scores that these symptoms were not caused by worsening HCV or indicative of a serious medical need for HCV treatment. (*See id* at 7.)  The burden therefore shifted to Plaintiff to demonstrate a triable issue of fact on these showings, sufficient for a reasonable jury to find in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986).

Plaintiff does not claim he presented any evidence showing his GI symptoms were caused by his HCV, he needed HCV treatment to treat these symptoms, or the lack of more immediate HCV treatment caused him harm.[4]  On this record, the Court did not err

---

[4] In his Motion for Reconsideration, Plaintiff baselessly speculates:

> Instead of providing DAA treatment, Centurion sent Plaintiff to a [GI] specialist and blamed his symptoms, which were consistent with progressing Hep C, on GI issues.  It is noteworthy that Hepatitis C infections frequently also cause GI issues, but Defendants opted not to treat the Hep C infection that they knew existed but rather beat the weeds searching some other possible diagnosis.

(Doc. 121 at 2.)

Plaintiff does not cite to any evidence from which to infer his HCV caused his GI symptoms or the specialist referrals and medical treatment he received from both on-site and off-site providers for his GI issues was medically unacceptable or merely pretextual.  Absent any basis to dispute the findings of Dr. Khan and the other medical providers who exercised their professional medical judgment and expertise to diagnose and respond to these issues, counsel should be aware that accusing Defendants and/or these providers of merely "beat[ing] the weeds" to avoid treating Plaintiff's HCV is inflammatory and improper.  *Cf.* Fed. R. Civ. P. 12(f) (permitting courts to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").  Even if Plaintiff could show his HCV caused his GI symptoms and Defendants knowingly failed to provide proper treatment, he does not seek reconsideration based on newly discovered evidence; nor does he claim he presented any such evidence in response to either of Defendants' Motions for Summary Judgment that would require reconsideration of the Court's grant of summary judgment to Defendants.

when it found Plaintiff merely presented a difference of opinion about the cause of his symptoms, which is insufficient to show deliberate indifference. (*See* Doc. 111 . at 15 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc) (a mere difference of medical opinion does not establish deliberate indifference)).) The Court also did not err when it found, "even if [Defendants] Bell and Alonso mistakenly concluded Plaintiff did not need emergent HCV treatment to treat his reported symptoms, this would, at most, show negligence, not that they knew of and deliberately disregarded Plaintiff's serious medical needs." (*Id.* at 15–16 (citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (stating mere negligence in diagnosing or treating a medical condition does not support an Eighth Amendment claim)).)[5]

In summary, Defendants met their initial burden of showing Defendants Bell and Alonso were not deliberately indifferent to Plaintiff's serious medical needs, and Plaintiff failed to create a genuine issue for trial. (*See id.* at 14−16.) The Court did not err in granting summary judgment to Defendants Bell and Alonso. The Court also did not err in dismissing Centurion without addressing its HCV treatment policies because, absent a triable issue of fact that Plaintiff suffered a constitutional violation, Plaintiff could not meet the threshold requirements for a policy and practice claim against Centurion, and this claim failed as a matter of law. *Monell*, 436 U.S. at 694; *Mabe*, 237 F.3d at 1110–11.

---

[5] Plaintiff argues there are questions of fact whether Plaintiff "should have been prioritized for DAA treatment" and whether Defendants Bell and Alonso's decisions not to do so "were reasonable." But these arguments improperly rely on a negligence standard. *See Estelle*, 429 U.S. at 106; *Wilhelm*, 680 F.3d at 1122. Regardless, absent any evidence to controvert the medical record and medical opinion evidence Defendants produced, the Court did not err in finding Plaintiff failed to create a triable issue of fact on these issues. *Anderson*, 477 U.S. at 250. Likewise, Plaintiff did not produce any evidence creating a triable issue of fact regarding whether Defendants Bell and Alonzo "knew or should have known that [Plaintiff's] GI issues could have been related to his HCV infection."

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to the Motion for Reconsideration (Doc. 121), and the Motion (Doc. 121) is **denied**.

(2) The Motion for Ruling (Doc. 122) is **denied as moot**.

(3) This action remains **closed**.

Dated this 23rd day of May, 2025.

Honorable Scott H. Rash
United States District Judge